Henry H. Porter, Impl'd, etc.,

v.

William H. Clark.

*Real Property—Vendor's Lien—Notice of, Filed in Recorder's Office— Possession as Notice—Possession under Lease.*

1. Where one purchases land of which another is at the time in actual and visible possession, such possession is constructive notice to the purchaser of all rights whatever of the possessor therein.

2. A notice of vendor's lien filed in the recorder's office can not avail as constructive notice of the lien claimed.

[Opinion filed July 27, 1887.]

Appeal from the Superior Court of Cook County; the Hon. Gwynn Garnett, Judge, presiding.

Messrs. Gardner, McFadon & Gardner, for appellant.

Mr. Elmer W. Adkinson, for appellee.

*Per Curiam.* We have carefully considered all the evidence in this record, and we are unable to conclude from it that appel-

lee Clark was estopped by anything that he did from asserting his vendor's lien against the land in the hands of Porter. There is no evidence that would justify us in finding, against the conclusion of the chancellor, that he waived his vendor's lien. We agree with counsel for appellant that the notice of lien filed in the recorder's office did not avail as constructive notice of the lien claimed.

The evidence is not satisfactory with reference to the contract under which Clark paid rent after his deed to Parker. It would seem from Parker's letter to Clark, introduced in evidence, that the rent was applied on the notes for the purchase money from Parker to Clark. If that was the understanding, we could not say that Clark's possession as tenant was inconsistent with his claim of lien for the purchase money. It would seem to be the rule in this State that possession of land is notice of all rights of whatever nature, that the possessor has in the land.

In the late case of Farmers' National Bank v. Sperling, 113 Ill. 273, it is said: "We regard the doctrine, as derived from the decisions of this court, to be that when one purchases land of which another is at the time in actual and visible possession, such possession is constructive notice to the purchaser of all rights whatever of the possessor in the land at the time of the purchase.

If Porter, knowing as he did that Clark was in possession, had gone to him and inquired as to his rights, he would undoubtedly have been told that the purchase money had not been paid, and that he, Clark, claimed a vendor's lien on the land. If Clark, on being asked, had set up no right other than under a lease, that would, no doubt, be evidence of a waiver of his lien. Taking Parker's note for the purchase money was no waiver of his lien, and putting the notice on record, though in law no notice of his lien, is at least evidence that he did not intend to waive it. If the meager evidence as to Clark's becoming Parker's tenant can be taken as establishing a tenancy, without any arrangement that the accruing rent was to be applied on the Parker notes, a question which we should be inclined to regard as not altogether clear would be

presented. On the whole we regard the decree of the court below as doing substantial justice, and do not feel authorized to reverse it on any ground suggested.

The decree will therefore be affirmed.

*Decree affirmed.*